Frank A. Gulotta, J.
This is a motion for summary judgment brought by the defendant in a specific performance action, which seeks the enforcement of an alleged contract of a somewhat unusual nature.
*1027 In December, 1955, the defendant became a tax sale purchaser of four parcels of land, known as parcels 1, 4, 5 and 6, owned by Von Gerichten, the plaintiff herein. In December, 1957, he received a tax deed for the property and in February, 1958, he commenced an action pursuant to the Nassau County Administrative Code (L. 1939, chs. 272, 704), which had for its object the establishment of the marketability of defendant’s tax title. The action covered 20 parcels of land and included numerous defendants, Von Gerichten among them.
As required by the code, the complaint extended to each defendant the right to redeem, up until the granting of final judgment.
However, without having' served Von Gerichten, the action was discontinued as to the above four parcels by an ex parte order on March 26, 1958.
Forty days later, and on April 28, 1958, Von Gerichten served an answer in the action, in which he purported to accept the offer of redemption, and he now claims that this gave birth to a binding contract which is enforcible in the present action.
To the contention that this was at most an offer by Erlwein to permit redemption, which under familiar law of contracts he could, with.impunity, withdraw at any time before acceptance, plaintiff responds that it was more than that, viz., it was a binding contract to keep the offer open. In other words, it was an option extended to Von Gerichten supported by an independent consideration and could not be withdrawn.
There are several answers to this. First, the offer does not in terms purport to be an option; second, the so-called consideration for the option, to wit, the special benefits conferred on Erlwein in connection with an Administrative Code action, do not meet the legal requirement for consideration, since ‘ ‘ benefit to a promissor ’ ’ which is not coupled with ‘ ‘ detriment to a promisee ” is by the great weight of authority not sufficient to support a contract, although many opinions use the phrases interchangeably (Williston, Contracts [3d ed.], §§102, 131; Richardson, Law of Contracts [4th ed.], § 192); and third, the issue has already been decided adversely to Von Gerichten in the County Court action, where his motion for summary judgment based on his acceptance of the alleged offer was denied on June 10, 1958.
It does not seem to me that the Appellate Division affirmance of the County Court order (Erlwein v. Von Gerichten, 7 A D 2d 650) has left open any rights for Von Gerichten to assert in a plenary suit.
*1028 When the Appellate Division.said that Von G-erichten had no cognizable right to redeem because of the discontinuance, it is remotely possible, as plaintiff contends, that they were speaking of a procedural difficulty, but I rather think they meant, that the offer had expired with the discontinuance and it was for that reason that appellant had no rights. Motion granted. Short-form order signed.