■ MOLLIE SPATZ, Respondent, v. NATHAN SILVERSTON et al., Appellants. — In an action for an accounting of rents and profits of a parcel of real property, defendants appeal from an order of the Supreme Court, Nassau County, dated May 18, 1959, which denied their motion for summary judgment. Order reversed, with $10 costs and disbursements, and motion granted. Despite the fact that better verbiage could have been employed for the purpose in the probated will in question, it is sufficiently clear that the testatrix by her will gave defendant Harry Silverston a life estate in the property, and gave the fee interest in the property to the plaintiff and to the defendant Nathan Silverston, subject to the said life estate. Under the circumstances, plaintiff has failed to show any right of action against defendants, and there is no triable issue of fact. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ ALEXANDER STEINBERG, Respondent, v. JOHN H. SEAL, JR., Appellant. — Plaintiff, a pedestrian, while crossing at a street intersection controlled by traffic lights, was injured as the result of being struck by a motor vehicle owned and operated by the defendant. The defendant appeals: (1) from a judgment of the Supreme Court, Kings County, entered November 23, 1959, upon a jury verdict in favor of the plaintiff; and (2) from rulings of the Trial Judge denying his motions to set aside the verdict and for a mistrial. Judgment affirmed, with costs. No opinion. Appeal from rulings dismissed. No orders entered thereon are printed in the record. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ BARBARA H. STERN, Respondent, v. BERNARD H. STERN, Appellant.— In an action for a separation, the defendant husband appeals, as limited by his notice of appeal and further limited by his brief, from so much of a judgment of the Supreme Court, Kings County, dated March 2, 1960, as provides for the support and maintenance of the infant daughter of the parties. Judgment modified on the law· and the facts by striking out its fifth decretal paragraph relating to the daughter's support. As thus modified, the judgment, insofar as appealed from, is affirmed, without costs, and the matter is remitted to the Special Term for further proceedings consistent herewith. The proof adduced fails to show a sufficient basis for directing the payment of boarding school and summer camp expenses of the daughter, particularly since the mother resides in a one-family house which, so far as appears, would be suitable for the daughter. Experience shows that a provision for payment by the father of bills submitted by the mother is too indefinite to be fairly enforcible; and that such practice tends to promote unnecessary disputes and legal proceedings. A provision for payment of a definite amount of money for support, maintenance and education of a child is more desirable where it is justified by the evidence. Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

■ EDWARD VON GERICHTEN, Appellant, v. JOSEPH W. ERLWEIN, Respondent.— In an action for specific performance and to redeem certain real property from a tax sale, plaintiff appeals from an order of the Supreme Court, Nassau County, entered February 4, 1960, which granted defendant's motion for summary judgment dismissing the complaint, pursuant to rule 113 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Ughetta, Christ and Brennan, JJ., concur. [22 Misc 2d 1026.]